IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETGEAR, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| RUCKUS WIRELESS, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, NETGEAR, Inc. ("NETGEAR"), for its Complaint against Defendant Ruckus Wireless, Inc. ("Ruckus"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement pursuant the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2. Plaintiff NETGEAR is a corporation duly organized and existing under the laws of Delaware, having a principal place of business on 350 East Plumeria Drive, San Jose, CA 95134-1911.

3. Defendant Ruckus is a corporation duly organized and existing under the laws of Delaware. On information and belief, Ruckus's principal place of business is 880 West Maude Avenue, Suite 101, Sunnyvale, CA 94085. On information and belief, Ruckus is in the business of manufacturing and distributing communications devices.

### JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising from Ruckus's manufacture, use, sale, or offers for sale within the United States or importation into the United

States of products, including wireless communication products, that infringe United States Patent Nos. 5,812,531 ("the '531 patent"), 6,621,454 ("the '454 patent"), 7,263,143 ("the '143 patent"), and 5,507,035 ("the '035 patent") (collectively, "patents-in-suit").

5. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Ruckus, which is incorporated under the laws of the State of Delaware. Venue properly lies in this District under 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I - INFRINGEMENT OF NETGEAR'S '531 PATENT**

7. NETGEAR incorporates herein by reference the allegations in paragraphs 1-6 above as though fully set forth herein.

8. The United States Patent and Trademark Office duly and legally issued the '531 patent on September 22, 1998. A true and correct copy of the '531 patent is attached as Exhibit A.

9. The '531 patent has been assigned to NETGEAR. NETGEAR owns the '531 patent and has all rights to sue and recover for infringement.

10. On information and belief, Ruckus has infringed and continues to infringe the '531 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States products, including without limitation, the ZoneDirector and ZoneFlex products.

11. Ruckus's infringement is causing damage and irreparable injury to NETGEAR, and NETGEAR will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

12. NETGEAR is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT II - INFRINGEMENT OF NETGEAR'S '454 PATENT

13. NETGEAR incorporates herein by reference the allegations in paragraphs 1-6 above as though fully set forth herein.

14. The United States Patent and Trademark Office duly and legally issued the '454 patent on September 16, 2003. A true and correct copy of the '454 patent is attached as Exhibit B.

15. The '454 patent has been assigned to NETGEAR. NETGEAR owns the '454 patent and has all rights to sue and recover for infringement.

16. On information and belief, Ruckus has infringed and continues to infringe the '454 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States products, including without limitation, ZoneFlex products.

17. Ruckus's infringement is causing damage and irreparable injury to NETGEAR, and NETGEAR will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

18. NETGEAR is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT III - INFRINGEMENT OF NETGEAR'S '143 PATENT

19. NETGEAR incorporates herein by reference the allegations in paragraphs 1-6 above as though fully set forth herein.

20. The United States Patent and Trademark Office duly and legally issued the '143 patent on August 28, 2007. A true and correct copy of the '143 patent is attached as Exhibit C.

21. The '143 patent has been assigned to NETGEAR. NETGEAR owns the '143 patent and has all rights to sue and recover for infringement.

22. On information and belief, Ruckus has infringed and continues to infringe the '143 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States products, including without limitation, ZoneFlex and MediaFlex products.

23. Ruckus's infringement is causing damage and irreparable injury to NETGEAR, and NETGEAR will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

24. NETGEAR is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT IV - INFRINGEMENT OF NETGEAR'S '035 PATENT

25. NETGEAR incorporates herein by reference the allegations in paragraphs 1-6 above as though fully set forth herein.

26. The United States Patent and Trademark Office duly and legally issued the '035 patent on April 9, 1996. A true and correct copy of the '035 patent is attached as Exhibit D.

27. The '035 patent has been assigned to NETGEAR. NETGEAR owns the '035 patent and has all rights to sue and recover for infringement.

28. On information and belief, Ruckus has infringed and continues to infringe the '035 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States products, including without limitation, ZoneFlex products.

29. On information and belief, Ruckus has had knowledge of the '035 patent and has knowingly induced infringement of that patent by its activities related to the marketing and distribution of its ZoneFlex products. On information and belief, the ZoneFlex products were especially made or adapted for use in infringing the '035 patent, and have no substantial non-infringing use. On information and belief, Ruckus has contributed to the infringement of the '035 patent by marketing its ZoneFlex products.

30. Ruckus's infringement is causing damage and irreparable injury to NETGEAR, and NETGEAR will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

31. NETGEAR is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

32. On information and belief, Ruckus's infringement has been and continues to be willful, making this an exceptional case under 35 U.S.C. § 285 and entitling NETGEAR to treble damages under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, NETGEAR prays for judgment as follows:

a. That Ruckus has infringed each of the patents-in-suit;

      b.     That, in accordance with 35 U.S.C. § 283, Ruckus, and all affiliates, employees, agents, officers, directors, attorneys, successors and assigns, and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from infringing the patents-in-suit;

      c.     For an award of damages sufficient to compensate NETGEAR for Ruckus's infringement of the patents-in-suit;

      d.     For an award of prejudgment and post-judgment interest;

      e.     That Ruckus's infringement of at least the '035 patent has been willful;

      f.     For an award of increased damages in an amount not less than three times the damages assessed, in accordance with 35 U.S.C. § 284;

      g.     For a declaration that this case is "exceptional" under 35 U.S.C. § 285, and an award to NETGEAR of its reasonable attorneys' fees, expenses, and costs incurred in this action; and

      h.     For such other and further relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

NETGEAR demands a jury trial of all issues triable to a jury in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff NETGEAR, Inc.*

OF COUNSEL

Eric R. Lamison
Ryan J. Casamiquela
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Steven C. Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

November 19, 2010