IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETGEAR, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-999-SLR |
| | ) |
| RUCKUS WIRELESS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this ₂₈ᵗʰ day of July, 2011, having reviewed defendant Ruckus

Wireless, Inc.'s ("defendant's") motion to transfer, as well as the papers submitted in

connection therewith;

IT IS ORDERED that said motion (D.I. 15) is denied, as follows:

1. **Background.** On November 19, 2010, plaintiff NETGEAR, Inc. ("plaintiff")

instituted the present patent infringement litigation against defendant alleging that

defendant infringes United States Patent Nos. 5,812,531 ("the '531 patent"); 6,621,454

("the '454 patent"); 7,263,143 ("the '143 patent"); and 5,507,035 ("the '035 patent")

(collectively, the "patents-in-suit"). (D.I. 1 at ¶ 4) Defendant, a Delaware corporation

having its principal place of business in California, manufactures and distributes

communications devices. (*Id.* at ¶ 3) Plaintiff, a Delaware corporation having its

principal place of business in California (*id.* at ¶ 2), markets networking equipment for

the commercial business, consumer, and broadband service provider markets. (D.I. 23

at 3)

2. In May 2008 and November 2009, defendant filed two patent infringement actions against plaintiff in the United States District Court for the Northern District of California (N.D. Cal. Civ. Nos. 08-2310 and 09-5271). (D.I. 8 at 3) Both actions have been stayed pending resolution of an *inter partes* reexamination proceeding initiated by plaintiff in the United States Patent Office with respect to one of the two patents at issue in the first filed action. (*Id.*) The patents at issue are U.S. Patent Nos. 7,193,562, 7,358,912, and 7,525,486. (D.I. 16 at 10) It is undisputed that the patents are unrelated to those at issue in the present litigation as they share neither common owners, inventors, nor patent families. (D.I. 23 at 12)

3. On January 12, 2011, defendant filed a motion to dismiss the complaint at bar for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 7) Defendant contends that "[plaintiff's] claims for patent infringement do not satisfy the pleading requirements set forth by the Supreme Court in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly* . . . ." (D.I. 8 at 1) Specifically, defendant alleges that plaintiff's indirect and willful infringement claims lack basic factual allegations such as whether, when and how defendant was aware of the patents at issue, which third parties directly infringed the patent, requisite intent and knowledge elements, and specific acts of inducement committed by defendant. (D.I. 8 at 1, 4, 8-12) Defendant requests that the complaint be dismissed *in toto* or, alternatively, that the Court dismiss plaintiff's claims of direct infringement, induced and contributory infringement, and willful infringement. (*Id.*)

4. On January 31, 2011, plaintiff filed its answering brief in opposition to defendant's motion to dismiss. (D.I. 13) Plaintiff attached a proposed amended

complaint requesting that, "[i]f the court finds [plaintiff's] complaint deficient, . . . the court find that the proposed amended complaint pleads [plaintiff's] infringement claims sufficiently" in order to move the case forward without further delay. (*Id.* at 1, 3, ex. 1)

5. On May 6, 2011, defendant moved to transfer the present action to the Northern District of California pursuant to 28 U.S.C. § 1404(a). (D.I. 15) Defendant asserts that transfer is appropriate because nothing in the present litigation is "even remotely linked to the District of Delaware." (D.I. 16 at 1) Specifically, defendant argues that: (1) plaintiff should have brought the action in the Northern District of California because both plaintiff and defendant have their respective headquarters and primary places of business there; (2) the court should not defer to plaintiff's choice of forum as it did not sue on its home turf; (3) nearly all key events, parties, documents, and third party witnesses are in California; (4) there are already two patent infringement lawsuits involving related technologies pending between the parties in the Northern District of California; and (5) court congestion in Delaware gives rise for transfer to California. (D.I. 16-17)

6. Plaintiff opposes transfer, arguing that the court should defer to its choice of forum because: (1) defendant, having been incorporated in Delaware and availed itself of Delaware's corporate laws, cannot contend that it is inconvenient to litigate in Delaware; (2) defendant, a corporation with nationwide sales, has not met its burden to compel the court to transfer the case as it has not shown financial hardship in litigating in Delaware; (3) defendant is unable to point to any witness or document that could not be produced in Delaware; (4) the California litigations involve different patents; and (5) defendant has not shown why transfer would enhance judicial efficiency. (D.I. 23)

7. **Standard.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

8. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favor the defendants." *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)); *Medicis Pharm. Corp. v. Nycomed U.S. Inc.*, Civ. No. 10-419-SLR, 2011 WL 1230276, at *2 (D. Del. Mar. 31, 2011). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte*, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 562 (D. Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, Civ. No. 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Padcom, Inc. v. NetMotion Wireless, Inc.*, Civ. No. 03-983-SLR, 2004 WL 1192641, at *7 (D. Del. May 24, 2004). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at

all times on the defendants to show that the balance of convenience and the interests

of justice weigh strongly in favor of transfer." *In re M.L.-Lee Acquisition Fund II, L.P.*,

816 F. Supp. 973, 976 (D. Del. 1993).

9. The Third Circuit has indicated that the analysis for transfer is very broad.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (1995). Although emphasizing that

"there is no definitive formula or list of factors to consider," *id.*, the Third Circuit has

identified potential factors it characterized as either private or public interests. The

private interests include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trail in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The public interests include:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted).

10. **Discussion.** Motions for transfer generally will not be granted unless: "(1)

there is no *bona fide* relationship between Delaware and the defendant; (2) there is a

related first-filed case in another district; or (3) the defendant is truly a regional

enterprise." *Quantum Loyalty Systems, Inc. v. TPG Rewards, Inc.*, Civ. No. 09-022,

2009 WL 890644, at *2 (D. Del. Apr. 2, 2009). As always, the court stresses that,

because defendant is a Delaware corporation, it has no reason to complain about being

sued in Delaware. Defendant does not contend that it is a regional enterprise. Therefore the determination is based on whether the patents in the pending actions and the present action are related.[1]

11. The patents at issue in the pending litigation in the Northern District of California originated from different companies, have different inventors, and are of different patent families from the patents-in-suit. (D.I. 16 at 3,10; D.I. 17; D.I. 23 at 12) The fact that the pending California actions involve the same basic wireless router technology as that at issue in this lawsuit (D.I. 16 at 4) is not compelling. *See Praxair, Inc. V. ATMI, Inc.*, Civ. No. 03-1158, 2004 WL 883395, at *2 (D. Del. April 20, 2004) (rejecting defendant's judicial efficiency argument and noting that, "while the patents may relate to the same technological field, they nonetheless involve different patents, claims, inventors, prosecution histories and a different set of alleged infringing activities."); *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co., Inc.*, Civ. No. 06-187, 2006 WL 3783477, at *3 (D. Del. Dec. 21, 2006) (transfer denied where the patents in the co-pending litigation were different, the court noting that "nothing in the Detroit lawsuits yields any potential savings in judicial economy, given the attenuated connection between those patents and the patents here in suit.").

12. Moreover, the California actions have been stayed pending resolution of an *inter partes* reexamination with respect to one of the patents at issue. (D.I. 16 at 3-4; D.I. 17) No substantive action has taken place in those actions. (*Id.*) For these

---

[1]The court has granted motions to transfer in the interest of judicial economy where litigation in Delaware involved a patent related to another patent in an ANDA litigation filed first in another district and was a continuation of that patent. *See, e.g., Medicis Pharm. Corp. v. Nycomed U.S. Inc.*, Civ. No. 10-1099, 2011 WL 2457598, at *3 (D. Del. June 16, 2011).

reasons, defendant's judicial efficiency argument is without merit.  *See Invitrogen Corp. v. Incyte Genomics, Inc.*, Civ. No. 01-692, 2002 WL 883963, at *3-4 (D. Del. May 1, 2002) (even where the action at issue involved the same patents as those under consideration in a different forum, transfer was denied because it was no closer to trial or resolution).

13. With respect to defendant's argument regarding court congestion, it is true that this court's docket reflects the fact that patent cases, perhaps more often than in other districts, are given a trial date and tried to resolution.  Nevertheless, it is the rare request from counsel for earlier trial dates than those provided by the court and even rarer when such requests are not accommodated by the court to some extent.  The court also notes the irony that many members of the bar argue both sides of this argument from case to case, making it even more of a non-issue from the court's perspective.

14. Neither is the court persuaded by defendant's arguments regarding convenience.  In this electronic age, there are no substantial burdens associated with discovery or witness availability that support the need for transfer.  With respect to discovery, documents generally are stored, transferred and reviewed electronically.  It would be surprising to the court to find that sophisticated litigants, such as those at bar, still maintain their business records in hard copy, thus requiring either travel to California for review of the documents or the copying and transporting of documents.  With respect to witnesses, generally the parties agree to take depositions where the witnesses are located (or the court can so order).  Moreover, for those cases that get to trial, only a handful of witnesses testify live, and only a very small proportion of those

documents produced during discovery are used as trial exhibits. Given these realities, this factor is outdated, at best, and should be given little weight, if any, except for those rare exceptions where truly regional defendants are litigating.

15. Finally, the court weighs California and Delaware's respective public interest in deciding this dispute as evenly balanced between the two states. Even if the parties are California residents, they are both corporate citizens of Delaware and, accordingly, subject to suit in Delaware. (D.I. 1 at ¶ 3)

16. **Conclusion.** Given that the defendant is incorporated in Delaware, the litigation pending in California involves patents unrelated to those at issue here, and defendant has not articulated any compelling justification for transfer, defendant's motion for transfer is denied.

IT IS FURTHER ORDERED that plaintiff is granted leave to file its amended complaint on or before **Friday, August 5, 2011.** Should plaintiff not timely do so, the court will consider defendant's pending motion to dismiss.

United States District Judge