IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


NETGEAR, INC.,                          )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 ) Civ. No. 10-999-SLR
                                        )
RUCKUS WIRELESS, INC.,                  )
                                        )
          Defendant.                    )
                                        )
                                        )
                                        )

Jack B. Blumenfeld, Esquire and Rodger D. Smith II, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Eric R. Lamison, Esquire, Ryan J. Casamiquela, Esquire and Steven C. Cherny, Esquire of Kirkland & Ellis LLP.

George Pazuniak, Esquire of Pazuniak Law Office LLC, Wilmington, Delaware. Counsel for Defendants. Of Counsel: Colby B. Springer, Esquire and Shane E. Olafson, Esquire of Lewis and Roca LLP.

## MEMORANDUM OPINION

Dated: March 28, 2012
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Netgear Inc. ("plaintiff") filed the present patent litigation against Ruckus Wireless Inc. ("defendant") on November 19, 2010. (D.I. 1) Plaintiff filed an amended complaint on July 29, 2011, alleging infringement of four patents: U.S. Patent Nos. 5,812,531 ("the '531 patent"), 6,621,454 ("the '454 patent"), 7,263,143 ("the '143 patent"), and 5,507,035 ("the '035 patent") (collectively, the "patents-in-suit"). (D.I. 28) Defendant moved to dismiss counts I through IV of the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1] (D.I. 30) That motion is currently before the court. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the reasons that follow, defendant's motion to dismiss is denied.

## II. BACKGROUND

Plaintiff is a Delaware corporation with a principal place of business in San Jose, California. (D.I. 28 at ¶ 2) Defendant is a Delaware corporation with a principal place of business in Sunnyvale, California. (Id. at ¶ 3) Defendant is in the business of manufacturing and distributing communications devices. (Id.)

Plaintiff is the owner of the patents-in-suit. (D.I. 28) The '531 patent issued

---

[1]Plaintiff's amended complaint is for patent infringement. Defendant's motion to dismiss reads:

"Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Ruckus Wireless, Inc. hereby moves to dismiss the Amended Complaint filed by Plaintiff NETGEAR, Inc., and specifically and alternatively respectfully requests that the Court dismiss Plaintiff's claims of direct infringement, induced and contributory infringement, and willful infringement." (D.I. 30)

September 22, 1998 and is entitled "Method and Apparatus for Bridging Wireless LAN to a Wired LAN." (*Id.* at ex. 1) The '454 patent issued September 16, 2003 and is entitled "Adaptive Beam Pattern Antennas System and Method for Interference Mitigation in Point to Multipoint RF Data Transmissions." (*Id.* at ex. 2) The '143 patent issued August 28, 2007 and is entitled "System and Method for Statistically Directing Automatic Gain Control." (*Id.* at ex. 3) The '035 patent issued April 9, 1996 and is entitled "Diversity Transmission Strategy in Mobile/Indoor Cellula Radio Communications." (*Id.* at ex. 4)

According to the amended complaint, defendant infringes the patents-in-suit by "making, using, selling, and/or offering for sale in the United States and/or importing into the United States" various products "including, without limitation, ZoneFlex products." (*Id.* at ¶ 4) The complaint alleges that defendant induces and/or contributes to infringement by third parties, and willfully infringes the patents-in-suit. (*Id.* at ¶¶ 29, 32) By its present motion, defendant argues that plaintiff's amended complaint: (1) lacks basic factual support; (2) fails to comply with Form 18; (3) fails to state a claim for indirect infringement; and (4) fails to sufficiently allege willful infringement. (D.I. 31)

## III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to

give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Direct Infringement

#### 1. Standard

A cause of action for direct infringement arises under 35 U.S.C. § 271(a), which provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent." To state a claim of direct infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing *Twombly*, 550 U.S. at 565 n.10).

3

The Federal Circuit in *McZeal* held that, for a direct infringement claim, Federal Rules of Civil Procedure Form 18[2] (2009) meets the *Twombly* pleading standard. *See McZeal*, 501 F.3d at 1356-57. That is, only the following is required: "(1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by 'making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *McZeal*, 501 F.3d at 1357; *see also S.O.I.TEC Silicon on Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, Civ. No. 08-292-SLR, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009).

### 2. Discussion

The parties do not dispute that plaintiff has stated: (1) an allegation of jurisdiction; (2) that it owns the patent; (3) that defendant has infringed the patent by making, selling, and using products embodying the patents-in-suit; and (4) a demand for injunction and damages, consistent with Form 18.[3] *See McZeal*, 501 F.3d at 1357.

Defendant argues that plaintiff's amended complaint lacks basic factual support to show that plaintiff's claims are facially plausible. (D.I. 31 at 5) Defendant claims plaintiff must give notice "whether product or method claims are infringed, and the type of infringement being alleged," and must "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so

---

[2] Formerly, Form 16.

[3] Plaintiff's complaint does not contain a statement that plaintiff has given the defendant notice of its infringement. Defendant has not raised this issue.

4

asserted." (*Id.* at 7) (quoting *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)).[4]

This court has previously held that plaintiff's pleadings must mimic Form 18 and identify a general category of products. *Eidos Communications, LLC v. Skype Technologies SA*, 686 F. Supp. 2d 465, 469 (D. Del. 2010). A plaintiff is obligated to specify "at a minimum, a general class of products or a general identification of the alleged infringing methods." *Eidos*, 686 F. Supp. 2d at 467; *see also*, *Mark IV Indus. Corp. v. Transcore, L.P.*, Civ. No. 09-518, 2009 WL 4828661, at *3 (D. Del. Dec. 2, 2009) ("Plaintiff did not have to plead specific claims of the patent allegedly infringed or describe how the allegedly infringing products work."). The complaint at bar provides the level of detail required to satisfy the pleading standard for Form 18 :

> This is a civil action for patent infringement arising from Ruckus's manufacture, use, sale or offers for sale within the United States or importation into the United States of **products**, including **wireless communication products**, that infringe United States Patent Nos. 5,812,531 ("the '531 patent"), 6,621,454 ("the '454 patent"), 7,263,143 ("the '143 patent"), and 5,507,035 ("the '035 patent").

(D.I. 28 at ¶ 4) (emphasis added) (*see McZeal*, 501 F.3d at 1357).

In addition, plaintiff identifies, by name, products that infringe plaintiff's patents:

> On information and belief,[5] Ruckus has infringed and continues to infringe the

---

[4]The *View Engineering* case did not address Form 18 or Rule 8 pleading standards, but centered on the duty imposed on attorneys under Rule 11. 208 F.3d at 986-87.

[5]Defendant argues that plaintiff's claim of patent infringement "on information and belief" is insufficient. (D.I. 31 at 7) The Third Circuit has held that a complaint must be viewed in the "light most favorable to plaintiff and the truth of all facts well pleaded, which includes facts alleged on information and belief." *Frederick Hart & Co. v. Recordgraph Corp.*, 169 F.2d 580, 581 (3d Cir. 1948) (quoting *Carroll v. Morrison Hotel Corp.*, 149 F.2d 404, 406 (7th Cir. 1945)).

> '531 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States products, including without limitation, the **ZoneDirector** and **ZoneFlex products**.

(*Id.* at ¶ 10) (emphasis added)

> On information and belief, Ruckus has infringed and continues to infringe the '454 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States products, including without limitation, **ZoneFlex products**.

(*Id.* at ¶ 16) (emphasis added)

> On information and belief, Ruckus has infringed and continues to infringe the '143 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States products, including without limitation, **ZoneFlex** and **MediaFlex products**.

(*Id.* at ¶ 22) (emphasis added)

> On information and belief, Ruckus has directly infringed and continues to directly infringe the '035 patent by making, selling, and/or offering for sale in the United States and/or importing into the United States products, including without limitation, **ZoneFlex products**.

(*Id.* at ¶ 28) (emphasis added)

Defendant argues that the use of "and/or" in pleading both direct and indirect infringement stands outside the scope of Form 18. (D.I. 34 at 2) Defendant cites *Bender v. LG Elect's. U.S.A., Inc.*, Civ. No. 09-02114, 2010 WL 889541, at *5 (N.D. Cal. Mar. 11, 2010), for the proposition that the addition of "and/or" listing every possible type of infringement is materially different from the pleading standard contemplated by Form 18. (*Id.*) However, the *Bender* case focused not on pleading language, but on plaintiff's failure to identify the alleged infringing products with enough specificity for the

court to determine the plausibility of plaintiff's patent infringement claims.[6] 2010 WL 889541, at *3.

The court concludes that plaintiff's amended complaint asserts a cause of action for direct infringement in a manner sufficient for defendant to formulate a response and defense. The pleading provides sufficient factual support and mimics Form 18.

## B. Indirect Infringement

### 1. Inducement standard

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." "To demonstrate inducement of infringement, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697 (Fed. Cir. 2008). "Induced infringement requires knowledge that the inducing actions constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011). "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of

---

[6]Language in the *Bender* amended complaint is consistent with plaintiff's complaint at bar. The amended complaint read:

> Defendants have infringed the '188 patent by "making, using, offering for sale *and/or* selling" products that contain or utilize a certain, high-speed analog circuit, specifically a "buffered transconductance amplifier" commonly known as a "current feedback amplifier," a "high-gain current feedback amplifier," or a "voltage feedback amplifier." *Bender*, 2010 WL 889541, at *2.

(emphasis added)

7

the direct infringer's activities." *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part).

### a. Knowledge of the patent

The complaint provides as follows with respect to whether defendant had the requisite knowledge of the '035 patent:

> Ruckus has had knowledge of the '035 patent long before the filing of this lawsuit because Ruckus **previously licensed the '035 patent** from IBM Corporation.

(D.I. 28 at ¶ 29) (emphasis added) The foregoing is sufficient to infer that defendant knew or had knowledge of the patent because, presumably, the defendant read and evaluated the patent before entering a license agreement with IBM Corporation. *See Weiland Sliding Doors and Windows, Inc. v. Panda Windows and Doors, LLC*, Civ. No. 10CV677, 2012 WL 202664, at *4 (S.D. Cal. Jan. 23, 2012) ("As to defendants' knowledge of Weiland's patents, the Court finds that Weiland has pleaded enough facts for the Court to infer that Defendants had such knowledge.").

### b. Intent to induce

The amended complaint also alleges the requisite intent to induce infringement of the '035 patent. The complaint reads:

> The license between Ruckus and IBM Corporation has terminated. Subsequent to its termination, IBM assigned the '035 patent to NETGEAR. In addition to Ruckus's direct infringement of the '035 patent, Ruckus's customers have infringed and are infringing the '035 patent through their use of Ruckus's ZoneFlex products. For example, Ruckus's customers Douglas County School District and Satilla Regional Medical Center employ Ruckus's ZoneDirector and/or FlexMaster to **manage the wireless infrastructure and use** of ZoneFlex products. Ruckus has numerous other customers that employ these products in a similar manner, including without limitation, entities in the education, hospitality, and health care industries.

8

(D.I. 28 at ¶ 29) (emphasis added) The complaint further reads:

> Ruckus has knowingly induced infringement of the '035 patent with specific intent to do so by its activities relating to the marketing and distribution of its ZoneDirector, FlexMaster, and/or ZonePlanner products to manage the use of ZoneFlex products.

(*Id.*) That is, defendant knew of the '035 patent and made the decision to seek a license from IBM for the '035 patent. When the license expired, defendant apparently made the business decision to continue to sell its ZoneFlex products to its customers with the intent that its customers infringe the '035 patent. For example, "Ruckus's customers . . . employ Ruckus's ZoneDirector and/or FlexMaster to manage the wireless infrastructure and use of ZoneFlex products."[7] (*Id.*) Plaintiff's allegations that defendant is involved in the "marketing and distribution" of its products are sufficient to claim induced infringement. *See Water Technologies Corp. v. Calco,* Ltd., 850 F.2d 660, 668 (Fed. Cir. 1988) ("Gartner argues that no proof of a specific, knowing intent to induce infringement exists. While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice."); *see also Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 927 (W.D. Wis. 2010) ("Plaintiff alleges that defendant Grice participated in marketing the allegedly infringing products and acted willfully to infringe plaintiff's patent. I conclude that such allegations permit an inference that Grice 'possessed the specific intent' to encourage infringement and

---

[7]Plaintiff's response reads:

> Ruckus sells networking management products and services called ZoneDirector, FlexMaster, and ZonePlanner. These Ruckus products help its customers set-up, manage, and/or monitor the exact networking products accused of direct infringement, namely the ZoneFlex products. (D.I. 33 at 13)

9

actively aided and abetted JG Innovations' alleged infringement."); *Weiland Sliding Doors and Windows*, 2012 WL 202664, at *6 ("With knowledge that their products were infringing, Defendants distributed them to third parties who, in offering for sale, selling, assembling, installing, and using the products, directly infringed Weiland's patents. Weiland has sufficiently alleged Defendants' specific intent to induce infringement.").

### 2. Contributory standard

Under 35 U.S.C. § 271(c), a patentee must demonstrate that an alleged contributory infringer has sold, offered to sell or imported into the United States a component of an infringing product "knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." Therefore, § 271(c) "require[s] a showing that the alleged contributory infringer knew that the combination for which [its] component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).

Defendant argues that plaintiff's amended complaint fails to allege any facts to support its claim for contributory infringement. (D.I. 31 at 13) The court disagrees. Plaintiff's amended complaint satisfies the elements of contributory infringement by alleging that defendant: (1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use;[8] and (5) directly infringed. Plaintiff's claims are facially

---

[8]The complaint reads:

On information and belief, Ruckus possessed intent to contributorily infringe the '035 patent, knowing that its ZoneFlex products were **components especially**

10

plausible and provide defendant with adequate notice of its indirect infringement claims.

## C. Willfullness

### 1. Standard

To establish willful infringement, a patent owner must demonstrate by clear and convincing evidence that the infringer acted despite an "objectively high likelihood that its actions constituted infringement" and must also demonstrate that this "objectively-defined risk was known or so obvious that it should have been known to the accused infringer." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

### 2. Discussion

As discussed *supra*, plaintiff sufficiently alleges that defendant had pre-filing knowledge of the '035 patent, yet infringed and continues to infringe the patent. The court can infer from plaintiff's amended complaint that defendant knew or should have known that its conduct would likely infringe a valid patent. This court "declines to require more detail with respect to plaintiff's willful infringement claims than is required by Form 18." *S.O.I.TEC Silicon on Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, Civ. No. 08-292, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009); *see also Fotomedia Technologies, LLC v. AOL, LLC.*, Civ. No. 07-255, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008) ("Level of detail provided by FotoMedia in its allegations of indirect infringement are similar to those approved by Form [18], the Federal Circuit, and the courts in this district. The same is true for the allegations of willful infringement

---

**made or adapted for use in infringing the '035 patent, having no substantial noninfringing use**.

(D.I. 28 at ¶ 29) (emphasis added)

11

that remain against AOL, Yahoo and Shutterfly.").

## V. CONCLUSION

For the aforementioned reasons, defendant's motion to dismiss for failure to state a claim is denied. An appropriate order shall issue.