IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NETGEAR INC., )
Plaintiff, )
v. ) Civ. No. 10-999-SLR
RUCKUS WIRELESS INC., )
Defendant. )

**MEMORANDUM ORDER**

At Wilmington this 14th day of March, 2013, having reviewed defendant's motion to dismiss plaintiff's allegations of indirect and willful infringement, as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 46, as per D.I. 60) is granted in part and denied in part, for the reasons that follow:

1. **Indirect infringement.** In plaintiff's second amended complaint, plaintiff alleges that defendant, despite its knowledge of the patents-in-suit,[1] has indirectly infringed (and continues to do so) "by making, using, selling, and/or offering for sale in

[1]The patents-in-suit include United States Patent Nos. 5,812,531 ("the '531 patent"), 6,621,454 ("the '454 patent"), 7,263,143 ("the '143 patent"), 5,507,035 ("the '035 patent"), and 6,512,480 ("the '480 patent"). According to the second amended complaint, defendant has had knowledge of the '035 patent "long before the filing of this lawsuit because [defendant] previously licensed the '035 patent from IBM Corporation." (D.I. 61at ¶ 35) With respect to the '480 patent, defendant has had knowledge of such only since being informed of plaintiff's proposal to file its second amended complaint. (*Id.* at ¶ 43) Defendant has had knowledge of the remaining patents since at least the filing date of the original complaint filed in this lawsuit.

the United States and/or importing into the United States" defendant's products, including without limitation, ZoneDirector, ZoneFlex and MediaFlex products. (D.I. 61 at ¶¶ 11, 19, 27, 35, 43) Plaintiff further alleges that defendant: (1) has customers that use its products in an infringing manner; (2) "has had specific intent to induce infringement [of the patents-in-suit] by its activities relating to the marketing, support, and distribution of" its products; and (3) "had intent to commit contributory infringement" of the patents-in-suit and "knew that its [products] were components especially made or adapted for use in infringing [the patents-in-suit], having no substantial non-infringing use." (*Id.*)

2. Consistent with the court's analysis in *Walker Digital LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559 (D. Del. 2012), plaintiff's claims of indirect infringement are facially plausible and provide defendant with adequate notice of its indirect infringement claims. More specifically, with respect to induced infringement pursuant to 35 U.S.C. § 271(b), plaintiff has adequately alleged direct infringement by defendant's customers, that defendant encouraged such infringement, and that defendant had "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011). With respect to contributory infringement pursuant to 35 U.S.C. § 271(c), plaintiff has adequately alleged that defendant has sold in the United States a component of a product, knowing "that the combination for which [its] component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).

3. In sum, plaintiff has alleged sustainable claims for indirect infringement from the dates defendant became aware of each of the patents-in-suit. Therefore,

defendant's motion to dismiss is denied to this extent.

4. **Willful infringement.** Plaintiff alleges that defendant's infringement "has been and continues to be willful." (*Id.* at ¶¶ 14, 22, 30, 38) With respect to willful infringement, the court has indicated in its prior decisions that allegations of willful infringement are insufficient if the alleged infringer had no pre-suit knowledge of the patent-in-suit. *See Walker Digital,* 852 F. Supp. 2d at 565 n.7; *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 574-75 (D. Del. 2012). Consistent with the guidance from the Federal Circuit in *In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007),[2] because the only circumstance identified by plaintiff to substantiate its willfulness claims with respect to the '531, '454, '143 and '480 patents is the litigation itself,[3] defendant's motion to dismiss is granted as to those claims. *See also LML Holdings, Inc v. Pac. Coast Distrib. Inc.,* Civ. No. 11-6173, 2012 WL 1965878 at *5-6

---

[2]According to the Federal Circuit,

> a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. . . . A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Seagate,* 497 F.3d at 1374.

[3]Plaintiff has not filed any requests for injunctive relief.

(N.D. Cal. May 30, 2012).

United States District Judge