IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NETGEAR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-999-SLR |
| | ) | |
| RUCKUS WIRELESS, INC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM ORDER

At Wilmington this 2nd day of October, 2013, having considered defendant's motion to strike ¶ 10 of plaintiff's answer to the counterclaims (D.I. 129) and the papers submitted therewith;

IT IS ORDERED that:

1. **Background.** Plaintiff Netgear Inc. ("plaintiff") filed a complaint alleging patent infringement against Ruckus Wireless Inc. ("defendant") on November 19, 2010. (D.I. 1) Plaintiff filed an amended complaint on July 29, 2011, alleging infringement of four patents: U.S. Patent Nos. 5,812,531 ("the '531 patent"), 6,621,454 ("the '454 patent"), 7,263,143 ("the '143 patent"), and 5,507,035 ("the '035 patent"). (D.I. 28) Defendant answered the amended complaint and counterclaimed for invalidity and non-infringement, on April 12, 2012. (D.I. 38) Plaintiff answered the counterclaims on May 7, 2012. (D.I. 42) On August 2, 2012, plaintiff filed a second amended complaint adding allegations of infringement of U.S. Patent No. 6,512,480 ("the '480 patent)

(collectively with the '531, '454, '143, '035 patents, the "patents-in-suit"). (D.I. 61) On March, 28, 2013, defendant answered the second amended complaint and counterclaimed for invalidity and non-infringement. (D.I. 116) On April 15, 2013, plaintiff answered the counterclaims. (D.I. 118) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Plaintiff is a Delaware corporation with a principal place of business in San Jose, California. (D.I. 61 at ¶ 2) Plaintiff owns the patents-in-suit, including the rights to sue and recover for infringement. (Id. at ¶¶ 9, 17, 25, 32, 41) Defendant is a Delaware corporation with a principal place of business in Sunnyvale, California. (D.I. 116 at ¶ 8) Defendant designs, manufactures, and markets wireless local area network (WLAN) systems and products throughout the United States and the world. (Id. at 9)

3. **Standard.** Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion." Simmons v. Nationwide Mut. Fire Ins. Co., 788 F. Supp. 2d 404, 407 (W.D. Pa. 2011) (citing Snare & Triest v. Friedman, 169 F. 1, 6 (3d Cir. 1909); BJC Health System v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007)). "When ruling on a motion to strike, the [c]ourt must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under law." Symbol Techs., Inc. v. Aruba Networks, Inc., 609 F. Supp. 2d 353, 356 (D. Del. 2009) (internal quotations and citations omitted).

4. "As a general matter, motions to strike under Rule 12(f) are disfavored." *Fesnak & Assocs., LLP v. U.S. Bank Nat'l Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002) (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)). "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) (internal quotations omitted). "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291–1292 (D. Del. 1995) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 (2d ed.1990)). "'Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Id.* at 1292.

5. **Discussion.** Defendant's counterclaim contains a description of the parties and recites:

> 9. Ruckus designs, manufactures, and markets Smart Wi-Fi products and Smart Wireless LAN systems. Ruckus sells Smart Wi-Fi products and Smart Wireless LAN systems (i.e., Smart Wi-Fi Technology) throughout the United States and the world.
>
> 10. Smart Wi-Fi Technology uses an intelligent, high-gain directional antenna system and quality of service technologies to extend the range of Wi-Fi signals and automatically adapt to environmental changes.

6. Plaintiff responded to ¶ 10 with a litany of "admissions" which go far beyond defendant's description of "Smart Wi-Fi Technology:"

> 10. NETGEAR admits that Ruckus uses terminology such as "Smart Wi-Fi" to describe its products. NETGEAR admits that Ruckus's accused products include directional antenna systems that are intelligently directed to adapt to periodic interference. NETGEAR further admits that Ruckus's accused products include antenna beam selection and adaptive polarization diversity techniques which direct changes responsive to monitoring RF data transmission frequencies, having a plurality of polarizations, for optimal conditions for RF data transmissions. NETGEAR also admits that Ruckus's accused products include a statistically directed automatic gain control circuit for directing receiver gain to mitigate effects of certain RF interference. NETGEAR admits that Ruckus's accused products include antenna diversity techniques at both ends of the links between different access points ("APs"), for example, including antenna diversity at root wireless APs (base stations) and associated wireless APs (mobile stations). NETGEAR admits that Ruckus has explained, for example, that its wireless products and systems implement a "Wi-Fi Smart Antenna implementation" which "enables consistent high performance multimedia support by continuously ranking the antenna configurations for each receiving device and reconfiguring itself in real-time to bypass interference and physical barriers. Highly sensitive antenna elements provide 9dBi of antenna gain, 17dB of interference rejection and offer the industry's most sensitive Wi-Fi receiving capabilities (up to -98dBm)." NETGEAR further admits that Ruckus has explained, for example, that its "smart antenna is controlled by expert system software that automatically reconfigures the antenna array on a per packet basis, selecting the best performing and highest quality signal path and optimum data rate for each receiving device." Except as admitted herein, in light of the generic nature of Ruckus' allegations, NETGEAR lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

(D.I. 118 at ¶ 10)

7. Plaintiff's answer includes material that was the subject of motions for

summary judgment and claim construction. For instance, although the parties disagreed over whether the term "optimal conditions" for RF data transmissions disclosed in claim 1 of the '480 patent could be construed, plaintiff asserted that defendant's "accused products . . . include antenna beam selection . . . which direct changes . . . for optimal conditions for RF data transmissions." The parties also argued over whether the '454 patent (directed to mitigating interference by gathering statistical information about the duration and timing of the interference) is valid and/or infringed, yet plaintiff "admit[ted] that [defendant's] accused products include a statistically directed automatic gain control circuit for directing receiver gain to mitigate effects of certain RF interference."[1]

8. Rule 8(b) calls for a party to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). Plaintiff cannot legitimately argue that the material contained in ¶ 10 is not improper and goes far beyond the scope of defendant's allegation. Plaintiff's "admissions" contain issues of material fact over which the parties' experts disagree. To allow plaintiff's answer to stand as written would cause prejudice to defendant by misrepresenting the record. Plaintiff remains free to present its evidence and arguments at trial, consistent with the court's summary judgment decision.

9. **Conclusion.** Based on the foregoing, defendant's motion to strike ¶ 10 of

---

[1] Plaintiff also "quoted [defendant's] own documents where [defendant] itself described the Smart Wi-Fi technology," but did not cite the documents in either its answer to the counterclaims or answering brief. (D.I. 146 at 4)

plaintiff's answer to the counterclaims (D.I. 129) is granted.

                                                                                                     _/s/ [signature]_
                                                                                                      United States District Judge