IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETGEAR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 10-999-SLR |
| ) | |
| RUCKUS WIRELESS, INC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 16th day of October, 2013, having reviewed the record in light of the parties' supplemental papers, in connection with plaintiff's motion for summary judgment as it relates to the issue that the Vectrad references cannot qualify as prior art under 35 U.S.C. § 102;

IT IS ORDERED that said motion (D.I. 150), as it relates to the Vectrad references, is granted. More specifically, in its initial response to plaintiff's motion, defendant conceded that its expert had no opinion as to whether the '143 patent (or any of the Vectrad references) anticipated the '454 patent. Nevertheless, defendant argued in opposition to plaintiff's motion that "the issue of whether the '143 patent anticipates the '454 patent includes at least the following disputed facts" (D.I. 159 at 26); it proceeded to list five "facts," four of which were purported "teachings" from the '143 patent, with the fifth citation to the parties' joint claim construction chart. In other words, as far as the court can discern, defendant has offered no evidence on the issue of

anticipation, only attorney argument. With no evidence to support its argument, the court declines to offer what essentially is an advisory opinion as to whether the Vectrad references qualify as prior art references. The court has neither the time nor the resources to fill in the gaps of defendant's case, and declines to allow defendant to pursue its anticipation defense on the record it made (or, more accurately, failed to make) during expert discovery.

                                                                *[signature]*
                                                         United States District Judge